**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                              No. 96-4663

WALTER B. JONES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-95-184)

Argued: October 3, 1997

Decided: April 21, 1998

Before WIDENER and MOTZ, Circuit Judges, and MICHAEL,
Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.
**ON BRIEF:** Janice McKenzie Cole, United States Attorney, Cynthia
E. Tompkins, Assistant United States Attorney, Raleigh, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On April 22, 1996, Walter B. Jones was convicted of possession with intent to distribute marijuana, possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to trial, Jones filed a motion to suppress the drugs that police discovered in the vehicle he was driving at the time of his arrest.[1] Concluding that the police officers had probable cause to search the car, the district court denied defendant's motion to suppress. Denial of the suppression motion is the sole issue on appeal, and we affirm.

I.

The facts as found by the magistrate judge and as adopted by the district court are supported by the record. The record shows that on May 8, 1995, Officer Jerry Shoe of the Wilson, North Carolina police department received an anonymous telephone call. The caller indicated that Jones and Evans had left Wilson en route to an unknown Jamaican club in Raleigh, North Carolina where they planned to pick up a large amount of cocaine. The caller stated that Jones and Evans would be returning to Wilson from Raleigh at approximately 11:00 p.m. that evening. The caller advised that the two men would be traveling in a white Mercedes and that the defendants probably would carry the drugs in the trunk of the car. The tipster also provided other details about the car and its occupants.

_____

[1] The passenger in the car, Gregory L. Evans, also made a motion to suppress which was denied by a separate order of the district court. Evans' case was deconsolidated on appeal and has been decided by this court in an unpublished opinion. United States v. Evans, 121 F.3d 701 (4th Cir. 1997) (table).

2

After receiving the tip, the police department set up a surveillance operation on Highway 264, a road connecting Wilson and Raleigh. At approximately 11:00 p.m., the officers stopped a white Mercedes that matched the information provided by the caller. Officer Shoe recognized the passenger as Evans. After corroborating information from the anonymous tip, the police conducted a K-9 search of the Mercedes. The officers discovered approximately 474 grams of crack cocaine and approximately 1,193 grams of marijuana in the trunk and arrested Jones and Evans. Jones pleaded not guilty and filed a motion to suppress the drugs discovered in the Mercedes on the grounds that the police did not have probable cause to search the car. Following a hearing on Jones's motion to suppress, the magistrate judge concluded that the officers had probable cause to search the car and recommended that Jones's motion be denied. The district court adopted the magistrate judge's recommendations and denied Jones's motion to suppress. At trial, the defendant was convicted of all charges. Defendant now appeals the district court's denial of his motion to suppress.

II.

As no issue of fact is presented, the district court's Fourth Amendment probable cause determination is a question of law that we review de novo. United States v. Wilhelm , 80 F.3d 116, 118 (4th Cir. 1996). In Illinois v. Gates, 462 U.S. 213, 234 (1983), the Supreme Court adopted a totality of the circumstances approach for probable cause analysis. Under this approach, a court must consider "whether, given all the circumstances . . . including the`veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. The courts also have noted the importance of police corroboration of information provided by anonymous tipsters. Gates, 462 U.S. at 241-43; see also United States v. Laylor, 996 F.2d 1578, 1581 (4th Cir.) (recognizing value of corroboration of "innocent" details of tip), cert. denied, 510 U.S. 983 (1993); United States v. Miller, 925 F.2d 695, 698 (4th Cir.) (noting importance of corroboration, but explaining that police officers are not required to conduct independent investigations to corroborate tips), cert. denied, 502 U.S. 833 (1991).

3

In the present case, the magistrate judge found that, prior to stopping the Mercedes, the police officers knew and corroborated the following information provided by the anonymous tipster:

> (1) Evans did not have a driver's license; (2) Evans was known to be a drug dealer; (3) the car was white; (4) the car was a Mercedes; (5) the car had expensive tires and rims; (6) the car was travelling eastbound, from the direction of Raleigh; (7) the car was travelling on U.S. 264; (8) the car had a North Carolina license plate, with the first three letters "GTP;" (9) the car was driving into Wilson; and (10) the car arrived in Wilson at about 11 p.m.

The magistrate also found that one of the officers knew that Raleigh was a source city for drugs entering Wilson. See Gates, 462 U.S. at 243 (noting value of this type of knowledge). The district court concluded that the magistrate judge's proposed findings of fact supported a probable cause determination and thus adopted the magistrate judge's recommendation to deny the suppression motions. We are of opinion that the detailed information provided by the anonymous tipster coupled with the degree of police corroboration is sufficient to support a finding of probable cause to search defendant's vehicle.

Moreover, the number of facts known and corroborated by the officers at the time of the stop established, at a minimum, reasonable suspicion sufficient to justify an investigatory stop. Alabama v. White, 496 U.S. 325, 330 (1990); Terry v. Ohio, 392 U.S. 1, 30-31 (1968). Then, prior to searching the car, the police officers identified the persons traveling in the car as Jones and Evans and verified that the men were traveling from Raleigh. The corroboration of these additional facts was sufficient to elevate the officers' reasonable suspicion to the level of probable cause. Thus, the officers did not violate the Fourth Amendment in searching the vehicle. See Chambers v. Maroney, 399 U.S. 42, 48 (1970) (holding that Fourth Amendment permits warrantless search of vehicle when police officers have probable cause to believe that the contents of the vehicle offend against the law).

We are of opinion that the facts related above are sufficient to establish probable cause, and that the order of the district court denying the motion to suppress is free from error.

4

The judgment of the district court is accordingly

AFFIRMED.**2**

_____

**2** The government also asserts that the search of the automobile was justified by Jones's consent to the search. The district court did not rely on this theory in denying Jones's motion to suppress. Because we uphold the constitutionality of the officers' search on probable cause grounds, we need not address the government's consent argument.